BANK OF COMMERCE IN BUFFALO, Respondent, *v.* SARAH COHEN, Impleaded, etc., Appellant.

*Supreme Court, Fifth Department, General Term, October* 19, 1889.

*Principal and agent. Note.*—An accommodation indorsement made by a husband, who is authorized to indorse notes for his wife in her business, bind her, unless the holder knew of his want of authority.

Appeal from a judgment entered in the Erie county clerk's office April, 1889, upon a decision of a justice of this court at the circuit, on a trial before him of the action without a jury.

*George Clinton*, for respondent.

*Baker & Swartz*, for appellant.

MACOMBER, J.—The action was to recover on a promissory note which was executed by one C. G. Ball, as maker, to the order of one J. H. Cohen, agent. This defendant is charged upon the note by reason of the indorsement made upon it, and the subsequent transfer of the paper to the plaintiff before maturity. That indorsement is as follows : " J. H. Cohen, Agt., For Sarah Cohen."

The defense interposed by this defendant is that the note was an accommodation note, and that her agent had no right to indorse the same so as to charge her.

It was abundantly established at the trial that the plaintiff had no knowledge of any defect in the note other than such as it was chargeable with by mere inspection thereof. J. H. Cohen was shown to be the defendant's husband, who conducted all of her business in her behalf, she not giving the same any personal attention whatever, and he had full

authority to make and endorse notes for her in her business, and that in such business he had endorsed notes for the maker of this paper, Mr. C. G. Ball. Upon this proof of the authority of J. H. Cohen, the defendant was bound by his act, unless the plaintiff had actual or constructive notice that the endorsement was by way of accommodation for other parties and so actually beyond the scope of the agent's authority. No claim is made that there was any actual notice to the bank of the existence of any such fact. The question therefore is whether, from the appearance of the note, the bank was bound to know that this defendant was not a party to the paper. For the purposes of the decision of this action it is not necessary to reassert, much less to enlarge upon, any of the cases cited by counsel which tend to show that a person who is not a party to a piece of commercial paper may be charged by an action upon that paper when it is shown that the person so sought to be charged was the one benefited thereby. From this endorsement of the note the officers of the bank would naturally suppose that so far as the name Cohen was involved, the paper was for the benefit, or at least the endorsement was made by Mrs. Cohen by her agent. The bank took the hazard of being able to show that her name so put upon the back as the real party endorsing it by the hand of her agent, that such person assuming to act as her agent was in truth her agent, having power to bind her. They have sustained that burden of evidence by substantially undisputed testimony, and consequently are entitled to recover under the adjudged cases. Moore *v.* McClure, 8 Hun, 555; Green *v.* Skeel, 2 Id. 485.

The judgment should be affirmed.

BARKER, P. J., and DWIGHT, J., concur.